David ROBINSON, Appellant, v. STATE of Texas, Appellee. (No. 12676.)

Court of Criminal Appeals of Texas. May 22, 1929.

Futch & Cooper, of Henderson, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

No bill of exception or statement of facts appears in the record, and an examination of same discloses no question presented for review.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Henry ROYAL, Appellant, v. STATE of Texas, Appellee (two cases). (Nos. 12657, 12659.)

Court of Criminal Appeals of Texas. May 29, 1929.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for embezzlement; punishment, two years in the penitentiary.

We find in the record an affidavit in proper form by appellant, asking that he be permitted to withdraw this appeal. The request is granted, and the appeal is dismissed.

Lee WARE, Appellant, v. STATE of Texas, Appellee. (No. 12582.)

Court of Criminal Appeals of Texas. May 22, 1929.

Earl R. Swanger, of Huntsville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the willful refusal to provide for the support of minor children; penalty, a fine of $100 and 90 days in the county jail.

No bill of exception or statement of facts appears in the record, and an examination of same discloses no question presented for review.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

T. B. SATTERWHITE, Appellant, v. STATE of Texas, Appellee. (No. 12153.)

Court of Criminal Appeals of Texas. June 28, 1929.

For former opinion, see 17 S.W.(2d) 823.

HAWKINS, J. Appellant now asks us to consider a refused special charge. In view of the fact that the court gave a fair and most comprehensive charge upon the converse of the law of provoking the difficulty, it could scarcely be held that the refusal of the special charge was hurtful to appellant. But we cannot now consider the question. An opinion affirming the judgment was delivered on April 4, 1929. Motion for rehearing was filed on April 17, 1929, and opinion overruling it was delivered May 29, 1929. Now, 30 days after that motion was overruled, and right at the closing hours of the term of the court, we are asked to permit appellant to file a second motion for rehearing, which urges the consideration of a matter not stressed on original submission, and which was not even mentioned on the motion for rehearing.

Under the circumstances we must respectfully decline to permit the filing of the second motion.